UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

LAKECIA LANE,

Plaintiff,

-against-

THE CITY OF NEW YORK; COMMISSIONER
RAYMOND W. KELLY; P.O. JOHN DOES # 1-10; the
individual defendants sued individually and in their official
capacities,

Defendants.

------------------------------------------------------------------------X

**COMPLAINT**

08-cv-4513 (LTS)

ECF CASE

Jury Trial Demanded

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which plaintiff seeks relief for the violation
of her rights secured by 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and
Fourteenth Amendments to the United States Constitution, and the laws of the State of New
York.  The claims arise from an incident, which occurred on or about October 2, 2007.  During
the incident the City of New York and members of the New York City Police Department
("NYPD") subjected plaintiff to, among other things, false arrest and imprisonment, unlawful
search and seizure, excessive force, unconstitutional conditions of confinement, intentional and
negligent infliction of emotional distress, conspiracy, harassment, abuse of process, malicious
prosecution, gross negligence, negligent hiring and retention of incompetent and unfit
employees, negligent supervision, training and instruction of employees, and implementation and
continuation of an unlawful municipal policy, practice, and custom.  Plaintiff seeks

compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.  A Notice of Claim was duly filed on the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing and the City has refused to settle plaintiff's claim.  Moreover, this action has been filed within one year and 90 days of the incidents that are the basis of this claim.

4.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in New York County, and the City of New York is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5.      Plaintiff Lakecia Lane is a citizen of the State of New York, County of Bronx.

6.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7.      Defendant Raymond W. Kelly is the Commissioner of the NYPD who violated plaintiff's rights as described herein.

2

8.      Defendant P.O. John Does # 1-10 are New York City Police Officers employed with the New York City Transit Bureau- Transit District # 4 who violated plaintiff's rights as described herein.

9.      The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

10.     The following is a summary set forth for the purpose of demonstrating, averring, and providing notice of plaintiff's claims against the defendants.  Plaintiff has not set forth each and every fact concerning the incident(s) described below.

11.     On October 2, 2007 at approximately 4:30 p.m., in the vicinity of the 59th Street subway station of the Number 6 train, located in New York, New York, the defendants, including P.O. John Does # 1-10, upon information and belief, assigned to the NYPD Transit Bureau, Transit District # 4, illegally searched and seized plaintiff and subjected her to excessive force by, among other things, (1) twisting plaintiff's arms; and, (2) keeping plaintiff in excessively tight handcuffs for a period in excess of five hours.

12.     On October 2, 2007 at approximately 4:30 p.m., plaintiff was on the 59th street subway platform of the Number 6 train when she observed a Verizon wireless bag which was unattended near a bench on the platform.  Plaintiff picked up the bag and attempted to bring it to the transit kiosk when she was surrounded by approximately ten New York City Police Officers, including defendant P.O. John Does # 1-10.  Plaintiff had unwittingly been caught up in the NYPD's unlawful practice and policy known as "operation lucky bag."  See enclosed article "NYC Operation Lucky Bag Deemed 'Entrapment' By Some," from *New York Post*, dated March 12, 2006 attached hereto as **Exhibit 1.**

3

13.     Thereafter, the defendant police officers illegally seized plaintiff and, without consent, an arrest warrant, a search warrant, or reasonable suspicion to believe that plaintiff (or any third party) had committed any crime, and falsely arrested plaintiff and used force against plaintiff by grabbing her and twisting her arms and subjecting her to excessively tight handcuffs for a period in excess of five hours.  Those defendants who did not touch plaintiff failed to protect her from this conduct.

14.     Thereafter, the defendant police officers, without reasonable suspicion or probable cause searched plaintiff on the platform of the Number 6 train in view of all passengers who were awaiting the arriving Number 6 train.  No narcotics, contraband, or weapons were recovered from plaintiff as a result of the search.

15.     The defendant police officers then brought plaintiff to the 14th Street Subway station where she was booked at the NYPD Transit Bureau District # 4.

16.     Thereafter, plaintiff was brought to New York Central Booking in New York, New York.

17.     While at New York Central Booking plaintiff was subjected to depraved, filthy, and inhumane conditions of confinement, including overcrowding.

18.     The guards and personnel assigned to New York Central Booking looked the other way at these dangerous conditions, and ignored arrestees who sought their assistance.

19.     In addition, while plaintiff was at the NYPD Transit Bureau, District # 4 Precinct and New York Central Booking, the defendant police officers, pursuant to a conspiracy, falsely and maliciously told the New York County District Attorney's Office that plaintiff had committed various crimes.

20.    Based on the defendants' false allegations, the New York County District Attorney's Office chose to prosecute plaintiff.  Following her arraignment, the arraigning judge dismissed the felony charge and granted the plaintiff an ACD.

21.    Plaintiff was released from the Court following her arraignment at approximately 9:30 p.m.  Plaintiff was unlawfully detained by the defendant police officers for a period in excess of 29 hours.

22.    The individual defendants acted in concert committing these illegal acts against plaintiff.

23.    Plaintiff did not resist arrest at any time during the above incidents.

24.    At no time prior to or during the above incidents were the individual defendants provided with information or in receipt of a credible or an objectively reasonable complaint from a third person that plaintiff had engaged in suspicious, unlawful or criminal conduct.

25.    The aforesaid events were not an isolated incident.  Defendant Commissioner Raymond W. Kelly has been aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers and employees are insufficiently trained on the proper way to use force, search arrestees and/or detainees, and treat innocent and/or uninvolved individuals who are found at an incident scene and/or investigation location.  Commissioner Raymond W. Kelly is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, Commissioner Raymond W. Kelly has failed to take corrective action.   This failure caused the defendant police officers in the present case to violate the plaintiff's civil rights.

26.    Moreover, Commissioner Raymond W. Kelly was aware prior to the incident that the defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, Commissioner Raymond W. Kelly has retained these officers and employees, and failed to adequately train and supervise them.

27.    As a result of the defendants' actions plaintiff experienced personal injuries and physical injuries (including bruising and swelling to her wrists), pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment and humiliation.

## FEDERAL AND STATE CLAIMS AGAINST
## THE INDIVIDUAL DEFENDANTS

28.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

29.    The conduct of the defendant officers, as described herein, amounted to false arrest and imprisonment, unlawful search and seizure, excessive force, unconstitutional conditions of confinement, intentional and negligent infliction of emotional distress, conspiracy, harassment, abuse of process, malicious prosecution, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

30.    The conduct of the defendant officers, as described herein, violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and New York State law, by committing false arrest and imprisonment, unlawful search and seizure, excessive force,

6

unconstitutional conditions of confinement, intentional and negligent infliction of emotional distress, conspiracy, harassment, abuse of process, malicious prosecution, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

31.    Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and New York State law.

32.     As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, (including bruising and swelling of her wrists), pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment and humiliation.

33.    The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

## FEDERAL AND STATE CLAIMS AGAINST DEFENDANT KELLY

34.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

35.    Defendants Raymond W. Kelly is liable, in his official capacity, to plaintiff because: (1) he created and allowed to continue a policy or custom under which

7

unconstitutional practices occurred, (2) he was grossly negligent in supervising subordinates who committed the wrongful acts, and (3) he exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring.

36.    Upon information and belief, defendant Kelly was aware from notices of claim, lawsuits, complaints, and the NYPD's own observations that the officers sued in the present case were unfit to be officers, and that it was highly likely that they would commit the acts alleged in the present case.

37.    Nevertheless, defendant Kelly exercised deliberate indifference by failing to take remedial action.

38.    The aforesaid conduct by defendant Kelly violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and New York State law, by failing to re-train the defendant subordinate officers and employee, failing to adequately discipline the defendant subordinate officers, failing to adequately investigate prior complaints against the defendant subordinate officers and employee either at the facilities where the incidents occurred, or at his Headquarters located in New York, New York, and creating a culture where officers are encouraged to harass and assault those who question their authority, and acting in manner which amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

39.    As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries (including bruising and swelling of her wrists), pain and suffering, fear, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

40.    The aforesaid conduct of defendant Kelly amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

## FEDERAL AND STATE CLAIMS AGAINST
## THE CITY OF NEW YORK

41.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

42.    The City of New York directly caused the constitutional violations suffered by plaintiff.

43.    Upon information and belief, the City of New York was aware from notices of claim, lawsuits, complaints, and from the NYPD's own observations, that the officers involved in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

44.    Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.  The City of New York failed to properly train, re-train, supervise, discipline, monitor, and improperly utilized and retained these officers.   Moreover, the City of New York failed to adequately investigate prior complaints against the officers and created a culture where officers can harass and assault citizens without consequence.  Indeed, when citizens file complaints against officers, the City has a practice of failing to substantiate or address the complaint, even under circumstances where the complaint is corroborated and credible, and the account given by the officer is unworthy of belief.

45.    The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

46.     Moreover, the aforesaid conduct by the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

47.     Finally, under state law, the City of New York is responsible for its employees' actions under the doctrine of respondeat superior.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.     Compensatory damages in an amount to be determined by a jury;

b.     Punitive damages in an amount to be determined by a jury;

c.     Costs, interest and attorney's fees;

d.     Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:     New York, New York
            April 23, 2008

MICHAEL P. KUSHNER, ESQ.

*Attorney for Plaintiff*
350 Fifth Avenue, 68th Floor
New York, New York 10118
212.378.4326
mkushner@blanch-law.com

By:

_____

MICHAEL P. KUSHNER (MK-6117)

10