UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LAKECIA LANE,

                                                      Plaintiff,     **ANSWER**

                   -against-                        **08 CV 4513 (LTS)(MHD)**

CITY OF NEW YORK, COMMISSIONER RAYMOND     **Jury Trial Demanded**
W. KELLY, P.O. JOHN DOE #1-10, the individual
defendants sued individually and in their official capacities,

                                             Defendants.

------------------------------------------------------------------------ x

        Defendants City of New York and Raymond W. Kelly by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein. Additionally, defendants also admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller.

        4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

        5.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that the City of New York is a municipal corporation.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that Raymond W. Kelly is the Commissioner of the NYPD.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint as they pertain to unidentified defendants.

9. Paragraph "9" of the complaint contains no averments of fact relating to plaintiff's claim; accordingly, no response is required.

10. Paragraph "10" of the complaint contains no averments of fact relating to plaintiff's claim; accordingly, no response is required.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff took an ACD.

21. Deny the allegations set forth in paragraph "21" of the complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations that pertain to plaintiff being detained for a period in excess of 29 hours.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "27" inclusive of this answer, as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "33" inclusive of this answer, as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "40" inclusive of this answer, as if fully set forth herein.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46"of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

48. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

49. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

50. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

51. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

52. Plaintiff provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

53. Punitive damages cannot be recovered against the City of New York.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

54. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, it is entitled to governmental immunity from liability.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

55. There was probable cause for plaintiff's arrest, detention, and prosecution.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

56. Defendant Kelly was not personally involved in the alleged incident.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

57. Plaintiff has failed to comply with New York General Municipal Law §50-e and 50-i.

- 6 -

**WHEREFORE,** defendants City of New York and Raymond W. Kelly request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:	New York, New York
	July 10, 2008

> MICHAEL A. CARDOZO
> Corporation Counsel of the
> City of New York
> Attorney for Defendants City of New York and
> Raymond W. Kelly
> 100 Church Street
> New York, New York 10007
> (212) 442-0832
>
> By:    /s/ Hugh A. Zuber
>        HUGH A. ZUBER (HZ 4935)
>        Assistant Corporation Counsel

To:	Michael Kushner, Esq. (Via ECF)
	350 Fifth Avenue, Suite 6110
	New York, New York 10118